UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIMMIE EARL JONES,

    Plaintiff,

    v.

ALAMEDA COUNTY JUVENILE
JUSTICE CENTER, et al.,

    Defendants.

Case No. 25-cv-09293-NW

**ORDER SCREENING COMPLAINT,
DISMISSING COMPLAINT WITH
LEAVE TO AMEND**

Plaintiff Jimmie Earl Jones filed a pro se civil rights lawsuit alleging claims against Defendants Angela Gutierrez and Alameda County Juvenile Hall. ECF No. 1. The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court **DISMISSES** the Complaint with leave to amend.

I.    **BACKGROUND**

Jones alleges in his Complaint that in 2009, while detained at the Alameda County Juvenile Hall, he was forced into a sexual relationship with Defendant Angela Gutierrez, who was a Juvenile Institutional Officer at the facility.[1] Jones alleges that he was "forced" to engage in sexual activity, including intercourse, with Gutierrez over the course of four years. ECF No. 1 at 3. Gutierrez allegedly moved Jones to the building she was in so she could continue to abuse Jones and abused him until she passed away on an unspecified date. Jones was fourteen years of age at the time the sexual abuse began, and he alleges that the Alameda County Juvenile Hall failed to protect him from that abuse. He seeks monetary damages.

---

[1] Unless otherwise noted, the allegations in this section are from Jones' Complaint, ECF No. 1.

## II.   LEGAL STANDARD

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Actions in this context include when a defendant engages in the affirmative act, participates in another's affirmative act,

United States District Court
Northern District of California

2

or fails to perform a legally required act. *Leer*, 844 F.2d at 633.

## III.    DISCUSSION

### A.    Gutierrez

Sexual harassment and unwanted sexual contact may violate the Fourteenth Amendment's[2] substantive due process right to be free from violations of bodily integrity. *See Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1162–64 (9th Cir. 2020) (analyzing claim by ward against officials at county juvenile hall). "The threshold question is 'whether the behavior of the governmental official is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 n.8 (1998)). Here, although the allegations raise concerns regarding the timeliness of Jones' claim, liberally construed, Jones' allegations that Gutierrez forced him to engage in sexual conduct are sufficiently egregious and shock the conscience. *See Vazquez*, 949 F.3d at 1162 (finding that adult male officer's conduct was sufficiently egregious to violate Fourteenth Amendment where he referred to female juvenile ward as "babe," touched her face and shoulders, made comments about her appearance, and expressed his desire to have sexual relations with her).

Nevertheless, because Jones alleges that Gutierrez passed away prior to the filing of this lawsuit, Jones' claim cannot proceed as alleged. *See* ECF No. 1 at 4. "[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JP Morgan Chase Bank*, 957 F.3d 943, 955 (9th Cir. 2020). Accordingly, assuming Gutierrez indeed passed away prior to Jones' filing of this lawsuit, Jones must name a proper Defendant if he wishes to pursue his Fourteenth Amendment claim.[3] *See,*

---

[2] In his Complaint, Jones alleges the claims as excessive force under the Eighth Amendment. *See* ECF No. 1 at 3–4. But because the incidents allegedly occurred while he was a juvenile in the custody of a county juvenile hall, the Fourteenth Amendment applies. *See Vazquez*, 949 F.3d 1153 (analyzing similar claim against county juvenile hall under Fourteenth Amendment).

[3] Jones is cautioned that California law applies to whether his action survives or was extinguished by Gutierrez's death prior to his filing of this lawsuit, and whether Jones may recover damages against any successor or estate. *See Robertson v. Wegmann*, 436 U.S. 584, 592–95 (1978) (forum state law applies to determination of whether § 1983 action survives following defendant's death); *see also* Cal. Civ. Proc. Code § 377.20(a) ("[e]xcept as otherwise provided by statute, a cause of

United States District Court
Northern District of California

*e.g., id.* at 956 ("[A]n estate can only act by and through a personal representative and therefore any action must be brought . . . against the executor or representative of the estate") (citation modified); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (holding that incarcerated pro se plaintiff proceeding *in forma pauperis* must provide the marshal with sufficient information necessary for service), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

### B.  Juvenile Hall

Jones also alleges that the Alameda County Juvenile Hall violated the Eighth Amendment when it failed to protect him from Gutierrez.  Because Jones was a juvenile detainee at the time of the alleged incident, the Court analyzes his claim under the Fourteenth Amendment.  *See Vazquez*, 949 F.3d 1153.  To state a claim for failure to protect, a plaintiff must allege:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied,* 580 U.S. 1099 (2017).  "[A] pretrial detainee who asserts a due process claim for failure to protect [must] prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Here, Jones' claim fails for two reasons.  First, his claim for damages against the Alameda County Juvenile Hall does not name a proper Defendant.  *See Somoza v. Central Juvenile Hall*, No. CV 22-8538-SPG, 2023 WL 5506023, *3 (C.D. Cal. Jul. 27, 2023) ("Section 1983 claims must be brought against 'persons'—a definition that includes municipalities and counties but not buildings or facilities.").  Second, even if Jones had named a proper Defendant for this claim,

---

action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period."); Cal. Code Civ. P. § 366.2 (stating that a tort action against a decedent may only "be commenced within one year after the date of [defendant's] death," and may not be tolled for any reason.).

United States District Court
Northern District of California

Jones presently fails to state a claim because he does not make any non-conclusory allegations showing that any state actor failed to take reasonable available measures to abate a substantial risk of harm. *See Castro*, 833 F.3d at 1071. For example, Jones does not explain whether he informed anyone about Gutierrez's actions during the relevant time period, allege any other facts suggesting that a reasonable official in the circumstances would have been aware of the high risk of harm, or—to the extent he seeks to allege a claim against a municipal or county entity—cite to any official policy or custom that caused his injury. *See id.*; *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Court therefore **DISMISSES** the claim against Alameda County Juvenile Hall, and grants Jones **LEAVE TO AMEND** so he may provide additional information about the nature of his claim and clarification as to intended Defendants as noted above.

## IV.    CONCLUSION

The Court orders as follows:

1. Jones may be able to state a cognizable Fourteenth Amendment claim based on Gutierrez's alleged actions. However, because the Complaint indicates that Gutierrez is deceased, Jones must file suit against an appropriate representative to proceed. Gutierrez is **DISMISSED**, and Jones is granted **LEAVE TO AMEND** so he may name an appropriate party.

2. The claim against Alameda County Juvenile Hall is **DISMISSED**, and Jones is granted **LEAVE TO AMEND** so he may address the deficiencies identified above, assuming he can do so in good faith.

3. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words "Amended Complaint" on the first page. Because an amended complaint completely replaces the original, Jones must include all claims and allegations of fact to support his claims. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Jones is cautioned that he may not incorporate material from the prior complaint by reference. He must reallege all claims he wants to pursue within the body of his amended complaint. Failure to amend within the designated

time will result in this action's dismissal without prejudice.

4. It is Jones' responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk is requested to send a blank prisoner complaint form to Jones with his copy of this order.

**IT IS SO ORDERED.**

Dated: May 7, 2026

_____

Noël Wise
United States District Judge

United States District Court
Northern District of California

6